Project: H.O.M.E
Helping Offenders as Mediators
for reEntry

From: Anupam Biswas
ID:
FCI Milan P.O. Box 1000
Milan, MI - 48160

To: Clerk of Court for
U.S. District Court
Southern District of
New York

Prepared by Legal Library jailhouse lawyer Jeremy Mount under Supreme Court holding in Johnson v. Avery, 319 U.S. 483 487-88, 89 S.Ct. 747, 749-750, 21 L.Ed. 2d 718, 722-23 (1969)

Case No. S1 18 cr 00604

MOTION FOR DISCOVERY OF SENTENCING TRANSCRIPT IN THE INTREST OF JUSTICE AND WITH GOOD CAUSE



RECEIVED JUL 28 2025 U.S.D.C. W.P.

    Mr. Anupam Biswas, first duly sworn and writing Pro Se, submits this request for the sentencing transcript of his trial with good cause that he needs the sentencing transcript to see and determine if justice was properly met out in the application of Mr. Biswas special conditions of release being applied by the proper oral pronouncement that would have allowed Mr. Biswas trial to object to arbitrary application to conditions of Mr. Biswas release.

    Mr. Biswas also wishes to know what his orally spoken, by the judge, conditions of release are, as opposed to what is written.

    The Pronouncement rule of U.S.S.G §5D1.3(b)(d) is required for Mr. Biswas special conditions of relief and Mr. Biswas states that he does not recall the court allowing him a chance to contest

-1-

Such illegally applied conditions as him being Prohibited from internet with out showing the court applied strict scrutiny to the Prohibition of his 1st Amend. right to speech online, and also Prohibitation of his own Minor family which was not applied under strict scrutiny and violates his constitutional rights to intimate assosiation of his family. These are just a few of the serious violations we have found in Mr. Biswas conditions of release that would have required oral explanation as to why such a deprivation of his Liberty was the most narrow tailoring under 18 U.S.C. 3553 (d) to satisfy 18 U.S.C. 3583(d)(1),(2) reasonableness to keep the community safe but is also no greater deprivation that reasonably necessary, and is related to past conduct to be relevant. see Trisvan v. Annucci, 284 F.Supp. 3d at 298-99 (collecting cases).

    Under Fed. R. Pro. Rule 17 (c) of Rules of Criminal Procedure good cause to GRANT Petitioner the Sentence Transcript exist because it would remedy trial error in Sentencing that falls under the broad field of good cause and also would Potentially correct a Miscarriage of justice.

    We ask this Court GRANT the Sentencing Trial Transcript to Mr. Biswas.

    Respectfully Submitted,

Anupam Biswas
ID: 79751-054

Date July 12 2025

> Denied. The time to appeal any sentence has long passed and Defendant otherwise does not explain why he specifically needs the transcript. Of course, nothing prevents Defendant from ordering the transcript on his own. The Clerk is respectfully directed to mail this document to Defendant.
> So Ordered. 7/30/25

Anupam Biswas
NAME
79751-054
REG. NO.

FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MICHIGAN 48160



METRO·FLEX·DOMI 480
16 JUL 2025 1PM 14 L
USMWP SDNY



RECEIVED
JUL 28 2025
C.

Charles L. Brieant Jr
U.S. Courthouse
300 Quarropas St
White Plains, NY